

1 | McGREGOR W. SCOTT
United States Attorney
2 | ROBERT J. ARTUZ
Special Assistant U.S. Attorney
3 | 501 I Street, Suite 10-100
Sacramento, CA 95814
4 | Telephone: (916) 554-2700
Facsimile: (916) 554-2900
5
6 | Attorneys for Plaintiff
United States of America
7

**FILED**

FEB 2 8 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
       DEPUTY CLERK



8    IN THE UNITED STATES DISTRICT COURT

9    EASTERN DISTRICT OF CALIFORNIA

10
11 | IN THE MATTER OF THE APPLICATION       CASE NO. 2:20-SW-218- AC
     OF THE UNITED STATES OF AMERICA
12 | FOR AN ORDER PURSUANT TO § 2703(d)
     mobile-phone accounts IDENTIFIED BY 916-   [PROPOSED] ORDER
13 | 223-0007
14                                              **UNDER SEAL**
15

16                                    **ORDER**

17    The United States has submitted an application pursuant to 18 U.S.C. § 2703(d), requesting that

18 the Court issue an Order requiring Verizon Wireless, an electronic communications service provider

19 and/or a remote computing service located in New York, NY, to disclose the records and other

20 information described in Attachment A to this Order.

21    The Court finds that the United States has offered specific and articulable facts showing that

22 there are reasonable grounds to believe that the records or other information sought are relevant and

23 material to an ongoing criminal investigation.

24    The Court determines that there is reason to believe that notification of the existence of this

25 Order will seriously jeopardize the ongoing investigation, including by giving targets an opportunity to

26 destroy or tamper with evidence or notify confederates. See 18 U.S.C. § 2705(b)(3), (5).

27    IT IS THEREFORE ORDERED, pursuant to 18 U.S.C. § 2703(d), that Verizon Wireless shall,

28 within ten days of the date of this Order, disclose to the United States the records and other information

described in Attachment A to this Order.

IT IS FURTHER ORDERED under 18 U.S.C. § 2705(b) that Verizon Wireless shall not disclose the existence of the application of the United States, or the existence of this Order of the Court, to the subscribers of the account(s) listed in Attachment A, or to any other person, for 180 days from the date of the order, unless extended, except that Verizon Wireless may disclose this Order to an attorney for Verizon Wireless for the purpose of receiving legal advice.

Dated: 2/27/20

Hon. Allison Claire
U.S. MAGISTRATE JUDGE

# ATTACHMENT A

I.  **The Account(s)**

The Order applies to certain records and information associated with the mobile-phone accounts identified by 916-223-0007.

II. **Records and Other Information to Be Disclosed**

Verizon Wireless is required to disclose the following records and other information, if available, to the United States for each account or identifier listed in Part I of this Attachment ("Account"), for the time period 11/01/15 to 12/25/18:

A.  The following information about the customers or subscribers of the Account:
    1.  Names (including subscriber names, user names, and screen names);
    2.  Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);
    3.  Local and long distance telephone connection records;
    4.  Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;
    5.  Length of service (including start date) and types of service utilized;
    6.  Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"), Mobile Identification Numbers ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), International Mobile Subscriber Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI"));
    7.  Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and
    8.  Means and source of payment for such service (including any credit card or bank account number) and billing records.

B.  All records and other information (not including the contents of communications) relating to the Account, including:
    1.  Records of user activity for each connection made to or from the Account, including log files; messaging logs; the date, time, length, and method of connections; data transfer volume; user names; and source and destination Internet Protocol addresses; and
    2.  Information about each communication sent or received by the Account, including the date and time of the communication, the method of communication, and the source and destination of the communication (such as source and destination email addresses, IP addresses, and telephone numbers).

# CERTIFICATE OF AUTHENTICITY OF DOMESTIC RECORDS PURSUANT TO FEDERAL RULES OF EVIDENCE 902(11) AND 902(13)

I, _____, attest, under penalties of perjury by the laws of the United States of America pursuant to 28 U.S.C. § 1746, that the information contained in this certification is true and correct. I am employed by _____, and my title is _____. I am qualified to authenticate the records attached hereto because I am familiar with how the records were created, managed, stored, and retrieved. I state that the records attached hereto are true duplicates of the original records in the custody of _____. The attached records consist of _____. I further state that:

    a.    all records attached to this certificate were made at or near the time of the occurrence of the matter set forth by, or from information transmitted by, a person with knowledge of those matters, they were kept in the ordinary course of the regularly conducted business activity of _____, and they were made by _____ as a regular practice; and

    b.    such records were generated by _____ electronic process or system that produces an accurate result, to wit:

        1.    the records were copied from electronic device(s), storage medium(s), or file(s) in the custody of _____ in a manner to ensure that they are true duplicates of the original records; and

        2.    the process or system is regularly verified by _____, and at all times pertinent to the records certified here the process and system functioned properly and normally.

I further state that this certification is intended to satisfy Rules 902(11) and 902(13) of the Federal Rules of Evidence.

_____    _____
Date                                        Signature